**FILED**
United States District Court
Southern District of Texas
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
**ENTERED**
March 17, 2026
BY: _____ DEPUTY
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ANN BANDA & AMIN DEVON JONES,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-CV-1930-AM** |
| | § | |
| **DAVID TANG,** *et al.*, | § | |
| **Defendants.** | § | |

## <u>ORDER</u>

Before the Court are the *pro se* Plaintiffs Ann Banda and Amin Devon Jones's First Amended Complaint and Renewed Motion for Mandatory Withdrawal of the Reference ("First Amended Complaint and Renewed Motion") [ECF No. 8] and Chief U.S. Bankruptcy Judge Eduardo V. Rodriguez's Report and Recommendation ("R&R") [ECF No. 1] regarding Plaintiff Banda's Motion to Withdraw the Reference ("Motion") in the underlying chapter 7 bankruptcy case. *See In re Ann Banda*, No. 23-32068 (Bankr. S.D. Tex. June 5, 2023). Plaintiff Jones is not a proper party to the underlying chapter 7 case and appears in this civil case only because Plaintiff Banda named him as a party in the First Amended Complaint and Renewed Motion. (*See* ECF No. 8.) Notably, Plaintiff Jones is subject to an anti-filing injunction pertaining to pleadings filed against the Chapter 7 Trustee and her counsel in bankruptcy proceedings. *In re Black Stone Inv. Grp.*, No. 23-33848 (Bankr. S.D. Tex. Oct. 2, 2023), (ECF No. 401.)

The First Amended Complaint and Renewed Motion raises numerous claims in addition to the request for withdrawal of the reference to the bankruptcy court and includes a request for injunctive relief. The Court **DENIES** injunctive relief [ECF No. 8], **APPROVES** and **ADOPTS** Chief Judge Rodriguez's R&R [ECF No. 1], **DENIES** the Motion to Withdraw the Reference from the Bankruptcy Court, and **DISMISSES** this civil action.

## I. BACKGROUND

The Court understands Plaintiff Banda to be involved in two bankruptcy cases in the Southern District of Texas Bankruptcy Court. She voluntarily filed[1] the first bankruptcy case on June 5, 2023, under chapter 7. *In re Ann Banda*, No. 23-32068, (ECF No. 1.) Shortly thereafter, Plaintiff Banda filed an Expedited Motion to Voluntarily Dismiss the chapter 7 case, claiming she wanted to work with her creditors directly rather than remain in bankruptcy proceedings. (*Id.* at ECF No. 17.) After a hearing on September 25, 2023, Chief Judge Rodriguez dismissed the chapter 7 bankruptcy. (*Id.* at ECF No. 29.) The Final Decree closing the chapter 7 case was entered on October 27, 2023. (*Id.* at ECF No. 36.) Meanwhile, only a few weeks before, the Plaintiffs' small business, Black Stone Investment Group, LLC, filed the second bankruptcy case under subchapter V of chapter 11. *In re Black Stone Inv. Grp.*, No. 23-33848, (ECF No. 1.) The second case remains active with the Bankruptcy Court but was converted into a chapter 7 case. (*Id.* at ECF No. 101.)[2]

In both cases, Plaintiff Banda filed Motions to Withdraw the Reference. *In re Ann Banda*, No. 23-32068, (ECF No. 38.); *In re Black Stone Inv. Grp.*, No. 23-33848, (ECF No. 153.) Chief Judge Rodriguez issued a separate R&R in each case, recommending that the Motions to Withdraw the Reference be referred to the U.S. District Court for the Southern District of Texas. *In re Ann Banda*, No. 23-32068, (ECF No. 39.); *In re Black Stone Inv. Grp.*, No. 23-33848, (ECF No. 156.) The Honorable Alfred H. Bennett, United States District Judge for the Southern District of Texas, adopted Chief Judge Rodriguez's R&R related to the *Black Stone* case and ultimately denied Plaintiff Banda's Motion to Withdraw the Reference, returning the case to the Bankruptcy Court.

---

[1] After reviewing the bankruptcy docket, it appears Plaintiff Banda filed for chapter 7 *pro se* but later retained counsel. *In re Ann Banda*, No. 23-32068, (ECF No. 16.)

[2] The *Black Stone* bankruptcy was not referred to this Court and is not now under consideration.

*See In re Black Stone Inv. Grp.*, No. 24-CV-1931, (ECF No. 3.)  The R&R in the chapter 7 *Banda* case is the only matter at issue in the instant case.

While the chapter 7 R&R was pending before this Court, Plaintiff Banda filed the First Amended Complaint and Renewed Motion.  (ECF No. 8.)  The First Amended Complaint and Renewed Motion attempts to consolidate the *Banda* chapter 7 bankruptcy with the *Black Stone* bankruptcy.  (*Id.* at 2.)  Judge Bennett has denied the Motion to Withdraw the Reference in the *Black Stone* case—and because the *Black Stone* case is not before this Court—this Order only addresses Chief Judge Rodriguez's R&R in Plaintiff Banda's chapter 7 case.  The First Amended Complaint and Renewed Motion in the *Banda* case includes a request for emergency injunctive relief [*Id.* at 52–53], the Court starts there before turning to Chief Judge Rodriguez's R&R.

## II. DISCUSSION

### A. The Plaintiffs' TRO and Request for Injunctive Relief are Denied.

A Temporary Restraining Order (TRO) is "simply a highly accelerated and temporary form of preliminary injunctive relief" that preserves the status quo for 14 days.  *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 644–45 (N.D. Tex. 2021) (quoting *Hassani v. Napolitano*, No. 09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. 2009)); FED. R. CIV. P. 65.  It is an extraordinary remedy and is "rarely issued."  *Id.* at 644 (quoting *Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999)).  Because a TRO is such an extraordinary remedy, a movant seeking its entry must meet an exceedingly high standard.  The movant must clearly establish:

> (1) a substantial likelihood of success on the merits;
> (2) a substantial threat that the movant will suffer irreparable injury if the [TRO] is denied;
> (3) that the threatened injury outweighs any damage that the [TRO] might cause the defendant; and
> (4) that the [TRO] will not disserve the public interest.

3

*Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (citation omitted). Each element is necessary. "[I]f the movant does not succeed in carrying its burden on any one of the four prerequisites, a [TRO] may not issue . . . ." *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). The decision of whether to grant a TRO "is within the sound discretion of the district court." *Rockwell v. Delaney*, No. 19-CV-00102, 2019 WL 2745754, at *2 (W.D. Tex. Apr. 16, 2019) (citing *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

Here, the Court need not move past the first element because there is no cognizable issue pending in the case and therefore no substantial likelihood of success on the merits. The Plaintiffs' case suffers from a timing issue. Several courts have found that "there is an implicit timing element considering motions for withdrawal, namely that after a core proceeding is finally disposed of by the bankruptcy court, the district court must proceed under its appellate jurisdiction." *See, e.g.*, *Grigg v. Chaney*, No. 13-292, 2014 WL 5823108, at *6 (W.D. Pa. Nov. 10, 2014) (citing *In Re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990)). Courts glean this understanding from reading § 157(d) and § 158(a) of the Bankruptcy Code together. Section 157(d) makes clear that a district court "may withdraw, in whole or part, any case or proceeding referred" to the Bankruptcy Court, while § 158(a) gives the district court appellate jurisdiction "over final judgments, orders, and decrees" in a bankruptcy case. 28 U.S.C. §§ 157(d), 158(a). In other words, withdrawal of the reference occurs while a bankruptcy case is active. *Grigg*, 2014 WL 5823108, at *6. Once the bankruptcy case is closed, the district court proceeds under its appellate jurisdiction, and any motion to withdraw the reference is untimely. *See Carlton v. Baww, Inc.*, 751 F.2d 781, 788 n.10 (5th Cir. 1985) (implying that after a bankruptcy case is closed, a district court may only proceed under its appellate jurisdiction); *see In the Matter of Powelson*, 878 F.2d 976, 983 (7th Cir. 1989) (finding

that even though 28 U.S.C. § 157(d) does not forbid withdrawal of the reference after a final order, such withdrawal violates Congress's intent as reflected in the statutory scheme).

The Final Decree closing the underlying bankruptcy was entered on October 27, 2023. *In re Ann Banda*, No. 23-32068, (ECF No. 36.) Plaintiff Banda did not move to withdraw the reference until May 15, 2024—almost seven months *after* the bankruptcy was closed, and eight months *after* the case was dismissed. (*Id.* at ECF No. 38.) Thus, the Motion was untimely when filed because the underlying bankruptcy case was no longer active.

The untimely Motion, which purports to amend the original bankruptcy chapter 7 petition in the closed case, brought this case to the District Court. Chief Judge Rodriguez issued an R&R on the Motion, thereby opening a civil case in the Southern District of Texas. (ECF No. 1.) Plaintiff Banda then used this open civil case as a vehicle to file the First Amended Complaint and Renewed Motion. (ECF No. 8.) This civil case started with Plaintiff Banda's untimely Motion to Withdraw the Reference. The Court's jurisdiction and this case therefore hinge on the legitimacy of the untimely Motion. Since the bankruptcy adversary matter is closed, the untimely Motion precludes success on the merits, and the Plaintiffs are not entitled to injunctive relief.

That said, the Court need not consider the Plaintiffs' claims and references to various federal statutes because none apply to this case. The Plaintiffs allege violations of the Hobbs Act, Privacy Act of 1974, Racketeer Influenced and Corrupt Organizations Act, 42 U.S.C. § 1983, 18 U.S.C § 1512 (tampering with a witness), 18 U.S.C. § 1519 (destruction of records in federal investigations and bankruptcy), 18 U.S.C. § 891 (extortionate extensions of credit), 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), the Fifth Amendment, and the Fourteenth Amendment. (*Id.* at 12–13, 22.) The purported 1983 claims are against non-state actors and, thus,

fail.  The other supposed claims either refer to criminal statutes that are not applicable or lack sufficient facts to raise valid causes of action.

Even so, recognizing the Plaintiffs proceed *pro se*, the Court pauses to consider whether construing the Plaintiffs' First Amended Complaint and Renewed Motion as an appeal would allow the case to proceed.  *See* 28 U.S.C. § 158(a)(1).  The case falters even if construed as an appeal.

First, it is unclear what the construed appeal would attach to because Plaintiff Banda moved to voluntarily dismiss the bankruptcy case "to work with her creditors directly[.]"  *In re Ann Banda*, No. 23-32068, (ECF No. 17.)  Chief Judge Rodriguez's order to dismiss this case was at Plaintiff Banda's behest and for her self-pronounced benefit.  Rather than appeal, it seems Plaintiff Banda attempts to either reinstate or create an entirely new case with her First Amended Complaint and Renewed Motion.  This, she cannot do.  Second, the Plaintiffs waited far beyond the 14-day deadline to file an appeal from the final judgment.  So even if the Court could construe the Motion as a notice of appeal, the appeal would be untimely.  FED. R. BANKR. P. 8002(a)(1) ("[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered.").

In sum, the injunctive relief requests fail on the first element: this case is unlikely to succeed on the merits because it suffers from timing missteps when considered literally or liberally.  It is therefore **ORDERED** that the Plaintiffs' TRO and request for injunctive relief in the First Amended Complaint and Renewed Motion are **DENIED**.

#### B.  The R&R is Approved and Adopted.

Next, the Court approves and adopts Chief Judge Rodriguez's R&R.  Only a district court may determine a motion to withdraw the reference, and therefore, as Chief Judge Rodriguez explained, only this Court can consider the Plaintiffs' Motion.  *See* FED. R. BANKR. P. 5011(a) ("A

motion to withdraw a case or proceeding under 28 U.S.C. § 157(d) must be heard by a district judge."); *see also* S.D. Tex. Bankr. Local Rule 5011-1 ("A motion to withdraw a case . . . will first be presented to the bankruptcy judge for recommendation."). The Southern District's General Order 2023-21 also requires any matter relating to lawsuits against former bankruptcy judge David R. Jones to be referred to this Court. Since David R. Jones is named as a defendant for unknown reasons, this case falls under Standing Order 2023-21 and was properly referred to this Court.

David R. Jones was never involved in this case. Inserting his name into the pleadings does not give rise to additional consideration by this Court. Though General Order 2023-21 requires referral of cases involving David R. Jones to this Court, the Court cannot discern what relation Defendants David R. Jones and Elizabeth C. Freeman have to this case. The Plaintiffs do not allege facts regarding either Defendant's role in the scheme; they merely name David R. Jones and Elizabeth C. Freeman as parties without more.[3] The Court thus finds no reason to preside over this case due to an alleged connection with David R. Jones.[4]

Finding no error, the R&R is **APPROVED** and **ADOPTED**, and the Court turns to whether the reference should be withdrawn in the underlying bankruptcy case.

**C. The Motion and Renewed Motion to Withdraw the Reference are Denied.**

As mentioned above, a district court "**may** withdraw, in whole or in part, any case or proceeding referred . . . on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d) (emphasis added). Furthermore, if the court "determines that resolution of the

---

[3] The Plaintiffs assert only that Defendants Jones and Freeman, "upon information and belief," are "associated with the enterprise." (ECF No. 8 at 17.)

[4] The Court also remains wary of the Plaintiffs' attempt to forum shop. The Plaintiffs' Motion to Withdraw was denied in the *Black Stone* case, so the Plaintiffs filed this untimely Motion in a closed cased and invoked Defendants Jones and Freeman. The Court views these two actions as nothing more than an attempt by the Plaintiffs to circumvent the denial of the reference in the *Black Stone* case and ensure this Court's appointment by invoking Defendants Jones and Freeman.

proceeding requires consideration of both Title 11 and other laws . . . regulating organizations or activities affecting interstate commerce," then the district court "**shall**, on timely motion of a party, so withdraw a proceeding." *Id.* (emphasis added).  Thus, a party can move for either permissive or mandatory withdrawal.  Mandatory withdrawal is interpreted "restrictively," and is usually considered by a court when a claim or defense requires "material and substantial consideration of non-Bankruptcy Code federal law." *See, e.g.*, *Levine v. M&A Custom Home Builder & Dev., LLC*, 400 B.R. 200, 203 (S.D. Tex. 2008).  "[T]he party seeking withdrawal of the reference bears the burden[.]" *In re Morrison*, 409 B.R. 384, 389 (S.D. Tex. 2009) (citation omitted).  Overall, "[t]he moving party faces a scale 'heavily weighted against withdrawal.'" *In re McHenry*, No. 23-00255, 2024 WL 5205055, at *2 (M.D. Pa. 2024) (quoting *Feldman v. ABN AMBRO Mortg. Grp., Inc.*, No. 19-MC-131, 2020 WL 618604, at *7 (E.D. Pa. 2020)).

The Plaintiffs move only for mandatory withdrawal.  (ECF No. 8 at 13.)  They claim that "mandatory withdrawal of the reference is required because this proceeding requires consideration of substantial and material non-bankruptcy federal law . . . which will substantially dominate the proceedings." (*Id.* at 13.)  The Court is unpersuaded.  As noted above, the claims alleged do not mandate a withdrawal of the reference since none of the claims have merit.

### III. CONCLUSION

For the reasons stated above, it is **ORDERED** that the Plaintiffs' Temporary Restraining Order and Preliminary Injunction in the First Amended Complaint and Renewed Motion [ECF No. 8] are **DENIED**.

It is **ORDERED** that Chief Judge Rodriguez's R&R [ECF No. 1] is **APPROVED** and **ADOPTED**.

It is **ORDERED** that the Motion to Withdraw the Reference is **DENIED.**

8

It is further **ORDERED** that the civil action is **DISMISSED** since there are no valid causes of action remaining.

SIGNED and ENTERED on this 17th day of March 2026.

ALIA MOSES
Chief United States District Judge